REQUESTED BY: Honorable Jerome Warner State Senator State Capitol Lincoln, NE 68509
Dear Senator Warner:
On previous occasions we have responded to questions you have had concerning currently pending legislation involving the placement of logo signs upon the state highway right-of-way. On those previous occasions we have been of the opinion that it would be violative of provisions of the Nebraska Constitution to expend public funds for these purposes.
On those occasions we were not called upon to address the question of whether or not even absent the expenditure of public funds there would be a constitutional impediment to the Legislature authorizing the placement of these signs on the state highway right-of-way, a question you now raise.
On those previous occasions we concerned ourself with the question of whether or not the expenditure of these funds was for a public purpose and generally concluded that it was not thereby creating the unconstitutionality. Absent the expenditure of public funds, we are still faced with the question of whether or not such an activity would constitute the granting to any corporation, association or individual any special or exclusive privilege in violation of ArticleIII, Section 19 of the Constitution of the State of Nebraska. It would appear to us that permitting some purveyors of gasoline lodging, etc. to essentially advertise in the state right-of-way to the exclusion of others would clearly violate this section even if doing so arguably could advance a valid public purpose.
With respect to the concept of attempting to accomplish this without the expenditure of public funds we also generally question how such in reality could be actually accomplished. In addressing the question of expenditure of public funds we do not mean to limit our concerns to factual situations wherein public funds are spent directly, but we are also concerned with the constitutionality of a plan wherein state employees would be utilized directly or indirectly in accomplishing this task or where existing signs paid for at public expense would be utilized.
Therefore in conclusion, we fail to see how the placement of private logos in the state highway right-of-way could be accomplished without at least the indirect expenditure of public funds, a situation we have previously found to be constitutionally objectionable and further we believe that even if such could be accomplished, the mere fact that only those companies located near the highway would be permitted to participate would cause such a statute to be invalid as being violative of the prohibitions of Article III, Section 18 discussed above.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General